UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MN Airlines, Inc., d/b/a
Sun Country Airlines,

        Plaintiff,

v.

Jenell Levander,

        Defendant.

No. 15-cv-2454 (PAM/BRT)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiff's cross-Motion for Judgment on the Pleadings. For the reasons that follow, the Motion to Dismiss is denied and the Motion for Judgment on the Pleadings is granted.

**BACKGROUND**

Defendant Jenell Levander was a flight attendant for Defendant MN Airlines d/b/a Sun Country Airlines from 2011 until 2015. (Compl. ¶ 9.) She was fired in January 2015 after she failed a random drug test. (Id. ¶¶ 14-15.) She thereafter threatened to sue Sun Country, contending that her termination violated the Minnesota Drug and Alcohol Testing in the Workplace Act (MDATWA). (Id. ¶ 4.) The MDATWA prohibits terminating an employee the first time they fail a drug test. Minn. Stat. § 181.953, subd. 10(b). (Id. ¶ 16.) Sun Country brought this case seeking a declaration that that the MDATWA as applied to airline personnel is preempted by federal law and Federal Aviation Administration (FAA) regulations, which comprehensively regulate drug testing by airlines. (Id. ¶¶ 23-24.)

After Sun Country filed this action, Levander filed a state-court lawsuit for damages for Sun Country's alleged violations of the MDATWA. The parties have agreed to stay the state case pending the outcome of the federal litigation

**DISCUSSION**

Under the Constitution's Supremacy Clause, a federal law may preempt a state statute in several ways. English v. Gen. Elec. Co., 496 U.S. 72, 78 (1990). Two types of federal preemption are relevant here: conflict preemption and field preemption. Conflict preemption requires the preemption of a state's law "to the extent that it actually conflicts with federal law." Id. at 79. Thus, a state law is preempted "where it is impossible for a private party to comply with both state and federal requirements." Id. Field preemption exists when a state law "regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." Id. Levander urges the Court to apply conflict preemption principles and to find that the specific state requirement at issue does not conflict with the requirements of federal law. Sun Country, on the other hand, contends that federal law occupies the field with regard to aviation personnel and safety issues such as drug testing, so that the application of Minnesota law to the drug testing of aviation personnel is preempted. In the alternative, Sun Country asks the Court to find that the specific Minnesota statute at issue is preempted because it conflicts with federal law.

Because Levander was a flight attendant, she was classified as "aviation personnel performing safety-sensitive functions" under FAA regulations. 14 C.F.R. § 120.121(a). As such, she was subject to the drug-testing requirements set forth in those regulations and in the related Omnibus Transportation Employee Testing Act of 1991 (OTETA), 49 U.S.C. § 45101 et seq. The OTETA requires random drug and alcohol testing for personnel performing safety-sensitive functions. 49 U.S.C. § 45102(a). The regulations set forth a comprehensive scheme governing such testing, including permitted and required consequences for positive drug tests. For example, should a person performing safety-sensitive functions use drugs or alcohol during the performance of their duties, that employee is permanently prohibited from working in a safety-sensitive position for any airline. 49 U.S.C. § 45103(c)(1); 14 C.F.R. § 120.111(e)(2).

Minnesota law also purports to regulate an employer's permissible course of conduct after one of its employees has a positive drug test. The MDATWA does not permit employers in Minnesota to discharge an employee for his or her first positive test result, unless the employee has first been given the opportunity to participate in a rehabilitation program and has refused to participate or failed to successfully complete the program. Minn. Stat. § 181.953, subd. 10(b).

Levander emphasizes that neither the FAA nor OTETA require airlines to terminate personnel in safety-sensitive positions after an initial positive drug test, and suggests that the regulations' lack of prohibition should be taken as acquiescence to the scheme the MDATWA mandates: a first positive drug test cannot be the basis for termination. But

while the regulations do not prohibit a zero-tolerance policy like Sun Country's, they certainly permit airlines to maintain such policies. Indeed, the FAA's sample drug-testing policy for airlines provides that an employee who tests positive for drugs "will be terminated." See faa.gov/about/office_org/headquarters_offices/avs/offices/aam/drug_alcohol/forms/drug_policies.

But whether or not Levander is correct that it is possible for an airline to comply both with OTETA and MDATWA, the regulations are clear that the FAA has preempted the field of drug testing of airline personnel. The regulations promulgated under OTETA "preempt[] any State or local law, rule, regulation, order, or standard covering the subject matter" of those regulations, "<u>including, but not limited to, drug testing of aviation personnel performing safety-sensitive functions</u>." 14 C.F.R. § 120.121(a) (emphasis added). Rarely is the intent of a law so clear: states may not regulate the drug testing of aviation personnel performing safety-sensitive functions. The MDATWA purports to do just that, by precluding airlines from terminating the employment of such personnel for an initial positive drug test. As such, it is preempted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss (Docket No. 9) is **DENIED**; and

2. Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 27, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge